

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00352-CR

---

RASHARI NAE FONNE BRENT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 426th District Court
Bell County, Texas[1]
Trial Court No. 80164, Honorable Steven J. Duskie, Presiding

---

January 9, 2024

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Rashari Nae Fonne Brent, appeals his conviction for murder[2] and sentence to fifty-two years of confinement. The reporter's record was originally due October 24, 2023, but we granted the reporter an extension to November 27 to file the record. On November 27, 2023, the reporter filed only seven of nine volumes of the

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 19.02(b)(3).

reporter's record. By letter of December 4, 2023, we notified the reporter that the complete reporter's record was overdue and directed her to advise this Court of the status of the record by December 14. The reporter has not filed the complete record or had any further communication with this Court to date.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the complete reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by February 8, 2024.

2

Should the reporter file the complete reporter's record on or before January 23, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.